**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KAREN DONALDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. |
| | § | |
| FIRST NATIONAL COLLECTION BUREAU | § | |
| INC., and JOHN DOES 1-20, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

KAREN DONALDSON (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against FIRST NATIONAL COLLECTION BUREAU, INC. and JOHN DOES 1-20 (hereinafter collectively referred to as "Defendants"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendants conduct business in the state of Texas, and therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6.  Plaintiff is a natural person residing in Lewisville, Denton County, Texas.

7.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendants are a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendants are a national debt collection company and with an office in Reno, Nevada.

10. "John Does" 1-20 whose identities are not known at this time, but whose identities will be obtained in discovery. It is believed that said Does had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such Does had a substantial role in causing the acts complained of.

## FACTUAL ALLEGATIONS

11. Defendants place collection calls to Plaintiff seeking and demanding payment for an alleged debt owed.

12. From September 2011 through November 2011, Defendants placed collection calls to Plaintiff 2 ("two") to 3 ("three") times per day.

13. Defendants place collection calls to Plaintiff's telephone number (972) 434-5440.

14. Defendants place collection calls to Plaintiff from telephone numbers: (800) 824-6191 and (214) 269-5189.

15. On 3 ("three") separate occasions: November 2, 2011, November 3, 2011, and November 5, 2011, Defendants, or an agent thereof, placed collection calls to Plaintiff and called Plaintiff a "b*tch" when Plaintiff answered the phone.

16. On November 1, 2011, Defendants, or an agent thereof, left a message on Plaintiff's answering machine and called Plaintiff a "b*tch".

17. Defendant's agent left a voicemail on Plaintiff's answering machine and called Plaintiff a "b*tch", then left an automated message for Plaintiff requesting a return call to (800) 824-6191, a number belonging to Defendants.

18. Defendants leave voice messages for Plaintiff without meaningfully disclosing its identity and without properly identifying itself as a debt collector.

19. As a result of Defendant's continued calls, and continued abusive language used during the calls, Plaintiff suffered emotional distress, anguish and mental suffering. When Defendants calls Plaintiff, Plaintiff feels stress, aggravation, anguish, anxiety, fear and paranoia.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendants violated the FDCPA based on the following:

- Defendants violated *§1692d* of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

- Defendants violated *§1692d(2)* of the FDCPA by calling Plaintiff a "b*tch" during a phone call that Defendants made in connection with the collection of the alleged debt;

- Defendants violated *§1692d(5)* of the FDCPA when Defendants caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

- Defendants violated *§1692d(6)* of the FDCPA by not meaningfully disclosing its

    identity in its voicemails.

- Defendants violated *§1692e(11)* of the FDCPA by not properly disclosing that it is a debt collector.

WHEREFORE, Plaintiff, KAREN DONALDSON, respectfully requests judgment be entered against Defendants, FIRST NATIONAL COLLECTION BUREAU, INC. and JOHN DOES, for the following:

21. Actual damages to compensate Plaintiff for her mental anguish, emotional distress, anxiety, depression, inconvenience, and the disruption of her day caused by Defendants in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692;*

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:/s/ Ryan Lee
Ryan Lee
Krohn & Moss, Ltd
10474 Santa Monica Blvd. Suite 401
Los Angeles, CA 90025
(323) 988-2400 x241
(866) 861-1390 (fax)
Email: rlee@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAREN DONALDSON, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, KAREN DONALDSON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KAREN DONALDSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

12-2-11
Date

_Karen Donaldson_
KAREN DONALDSON